Reade J.
 

 His Honor’s charge, that the plaintiff must show a right of property and a right of possession in himself, and a conversion by the defendants, was all that the defendants could ask for upon that part of the case.
 

 The defence, that the woman whose services for the year .1865 were the consideration for the contract between the plaintiff and Jenkins, was emancipated during the year, might have been a proper subject for consideration if
 
 Jenkins
 
 were insisting uponjt. But
 
 he
 
 made no such objection, but on the contrary set apart one-fourth of the corn as he had agreed, and delivered it to the plaintiff — and the defendants
 
 *600
 
 thereupon took it out of his possession. It is true that they say that they bought it of the negro woman, and that she, having been emancipated during the year, was entitled to the product of her own labor. Suppose this to be true, still his Honor gave them all the benefit of it, by stating in his charge that she was entitled to be paid for her services after her emancipation. The question,
 
 From whom
 
 was she so entitled to receive pay, remains to be answered! Not
 
 from the plaintiff,
 
 because she had not served him; but
 
 from Jenkins,
 
 whom she had served. If she was entitled to a part of the crop, her claim was upon Jenkins; and she had no claim upon that one-fourth part which had been allotted to the plaintiff. Therefore if the defendants had any claim upon the crop on account of her share, it was upon Jenkins, and not .upon the plaintiff.
 

 And so the military orders, if they had any operation at all, (of which we know nothing as they are not set out; supposing them however as was suggested,' to have been orders to Jenkins to pay to the woman a part of the crop) do not vary the case. If the plaintiff had taken
 
 all
 
 of the crop, there might have been some show of right in the defendants. But three-fourths of the crop were left; and the plaintiff, to show that he was not acting unconscientiously, offered’evidence that he had supported two of the woman’s children, after her emancipation.
 

 There is no error.
 

 Per Curiam. Judgment affirmed.